IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:18-CV-474-FL

| | | |
|---|---|---|
| ROBERT NANTZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ANDREW SAUL, Commissioner of Social Security, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the parties' cross-motions for judgment on the pleadings. (DE 14, 18). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge James E. Gates issued a memorandum and recommendation ("M&R") (DE 20), wherein it is recommended that the court grant plaintiff's motion, deny defendant's motion, and remand the matter to defendant for further consideration by a different and validly appointed administrative law judge ("ALJ"). Defendant timely filed an objection to the M&R. In this posture, the issues raised are ripe for ruling.

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Here, the magistrate judge determined the ALJ did not err in formulating plaintiff's residual functional capacity because 1) the ALJ properly relied upon Dr. Jagjit Sandhu's and Dr. Jack N. Drummond's function-by-function assessments and 2) such reliance satisfied the function-by-function analysis requirement. No objections were raised to this determination. Upon careful review of the M&R and the record generally, finding no clear error in the magistrate judge's determination, the court adopts the M&R in this part.

The magistrate judge nonetheless determined that remand is required because the ALJ was not appointed in compliance with the requirements of the Appointments Clause of the United States Constitution, pursuant to Lucia v. SEC, 138 S.Ct. 2044 (2018). Defendant raises a specific objection to this determination, arguing that this issue was not timely raised by plaintiff during administrative proceedings, noting that this issue is being presented in an appeal pending before the United States Court of Appeals for the Fourth Circuit, Probst v. Saul, No. 19-1529 (4th Cir. May 17, 2019), and that this basis for remand is contrary to the majority of circuit court decisions that have considered the issue generally. See e.g., Malouf v. SEC, 933 F.3d 1248, 1258 (10th Cir. 2019) ("Mr. Malouf contends that the administrative law judge was not validly appointed under the Constitution's Appointments Clause. But Mr. Malouf forfeited this contention by failing to present it in the SEC proceedings."); Island Creek Coal Co. v. Bryan, 937 F.3d 738, 750 (6th Cir. 2019) (holding that petitioners were required to present their Appointments Clause challenges to the Department of Labor's Benefits Review Board, in order to preserve them for judicial review); Pharmacy Doctors Enter's, v. Drug Enf't Admin., 789 F. App'x 724, 728 (11th Cir. 2019) (holding that petitioners forfeited their Appointments Clause challenges by failing to present them to the DEA); Kabani & Co. v. SEC, 733 F. App'x 918, 919 (9th Cir. 2018) ("[P]etitioners forfeited their Appointments Clause claim by failing to raise it in their briefs or before the [SEC].); but see Cirko

ex rel. Cirko v. Comm'r of Soc. Sec., 948 F.3d 148, 152 (3rd Cir. 2020) ("This case presents the question whether claimants for Social Security disability benefits must exhaust Appointments Clause challenges before the very administrative law judges (ALJs) whose appointments they are challenging . . . we hold that exhaustion is not required in this context.").

Where the issue raised is pending before the Fourth Circuit, the court adheres to its prior determinations that Lucia does not provide a basis for remand where not timely raised during administrative proceedings. See, e.g., Colie v. Saul, No. 4:18-CV-107-FL, 2019 WL 4580371, *1 (E.D.N.C. Sept. 20, 2019); Shoemaker v. Saul, No. 7:18-CV-116-FL, 2019 WL 4580381, *1 (E.D.N.C. Sept. 20, 2019); Graham v. Berryhill, No. 7:18-CV-22-FL, 2019 WL 1270933 (E.D.N.C. Jan. 10, 2019), report and recommendation adopted by 2019 WL 1270933 (E.D.N.C. Mar. 19, 2019); Higgs v. Berryhill, No. 4:18-CV-22-FL, 2019 WL 848730 (E.D.N.C. Jan. 10, 2019), report and recommendation adopted by 2019 WL 845406 (E.D.N.C. Feb. 21, 2019).

## CONCLUSION

Based on the foregoing, upon careful review of the M&R, the court ADOPTS IN PART and REJECTS IN PART the M&R. The court DENIES plaintiff's motion for judgment on the pleadings (DE 14) and GRANTS defendant's motion for judgment on the pleadings (DE 18). The court REJECTS the recommendation of the magistrate judge to remand to a different ALJ pursuant to Lucia. The clerk is DIRECTED to close this case.

SO ORDERED this the 24th day of March, 2020.

LOUISE W. FLANAGAN
United States District Judge